THE PEOPLE OF PUERTO RICO EX REL. BAUTISTA ROSARIO, Plaintiff and Appellant, *v.* LUIS FERRER, Defendant and Appellee.

No. 6176.   Argued June 11, 1934.—Decided June 26, 1934.

*T. Bernardini de la Huerta* for appellant. *Luis F. Camacho* for appellee.

ON MOTION FOR REHEARING

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where we dismissed an appeal as academic, because the person whom the writ sought to remove had already ceased to be an officer of the Municipal Assembly of Cidra. The opinion of this case indicates very clearly that the appeal was academic but also that the relator ought originally to have prevailed. He filed a motion for reconsideration on the ground that he had been condemned in costs in the lower court and, therefore, that as to these costs the appeal was not academic.

■■ On the 8th of May 1934, we issued a rule to show cause why the appellant should not be relieved from the costs. The respondent did not answer this rule to show cause. On the 1st of June, we issued another order wherein we suggested to the parties that they should discuss the question of whether in a *quo warranto* proceeding the relator had the right to appeal or whether such a right resided only in the attorney general. The relator had filed no brief and did not appear. The respondent filed a brief in which he maintains that the only person with a right to appeal was the attorney general or the People of Puerto Rico. Reference was made in this brief to the case of *Santiago v. Feuille,* 10 P.R.R. 408. Reading the opinion of Mr. Justice MacLeary in that case we have become convinced that the attorney general is the only person who can initiate a proceeding of *quo warranto* like the present one, but after such initiation the right to proceed lies in the control of the relator. The opinion in that case says that the relator has then the control of the case until its final determination.

Section 348 of the Code of Civil Procedure reads as follows:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Therefore, we have become convinced that the relator ought not to be mulcted in costs. Consequently, our order of April 25, 1934, must be modified so as to say that the judgment of the lower court, in so far as it dismissed the pretensions of the relator, should be affirmed because the appeal is academic, but the judgment of the lower court should be reversed in so far as it mulcted the appellant in costs.